IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jeffrey Denton,<br>Andre Tucker,<br><br>          Plaintiffs,<br><br>v.<br><br>Columbia Motors Inc., et al.,<br><br>          Defendants. | Lead Docket: 1:02-cv-00422-SSB-TSH<br>Related Cases: 1:02-mc-00020-SSB-THS<br>                        1:02-mc-00020-SSB-TSH<br><br>Sandra S. Beckwith, Judge<br>Timothy S. Hogan, Magistrate<br><br>**Response to Defendant Columbia Oldsmobile, Inc., et al's Motion for Summary Judgment** |

Defendant Columbia Olds, Inc. , et al's motion for summary judgment is not well taken and should be denied.

**I. Plaintiffs were the objects of ethnic intimidation and aggravated menacing.**

During plaintiffs' employment at Columbia Motors Inc. ("Columbia"), R.C. §§ 2903.21 and 2927.12 was in full force and effect.

    R.C. § 2903.21 provides:

> "(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

    R.C. § 2927.12 provides:

> "(A) No person shall violate section 2903.21, 2903.22, 2909.06, or 2909.07, or division (A)(3), (4), or (5) of section 2917.21 of the Revised Code by reason of the race, color, religion, or national origin of another person or group of persons."

Plaintiffs are members of the Negroid race who were subject to the following acts at Columbia about which Columbia did nothing:

1

Plaintiffs reported these acts to Columbia's management, however, Columbia did not investigate or otherwise do anything to stop the acts or otherwise protect plaintiffs.

The following acts were clear acts of ethnic intimidation and aggravated menacing about which Columbia did nothing:

1. A picture drawn on a restroom stall depicted a boat and a black person with the words "You people go back to Africa." Another picture was of a man bent over with a penis inserted in his rectum with the words "Take them with you." (Affidavit of Andre Tucker ¶¶ 2. fff. and ggg. - Affidavit of Jeffrey Denton 2. jj.).

2. A six (6) foot doll wearing a Columbia work uniform with its head shrouded with a white cloth which had eyeholes was hung adjacent to Mr. Denton's tool box. (Affidavit of Andre Tucker ¶¶ 2. hh. - Affidavit of Jeffrey Denton 2. bbb.).

3. A noose was placed around the neck of a black Barbie doll. Flammable brake cleaner in the shape of a cross was poured on the floor. The break cleaner was ignited and the ensuing burning cross consumed most of the Barbie doll. This was done adjacent to where Mr. Denton was working. (Affidavit of Andre Tucker ¶¶ 2. tt. - Affidavit of Jeffrey Denton 2. pp.).

4. The Columbia dispatcher pointed a rifle at Mr. Denton while he was working. Affidavit of Andre Tucker ¶¶ 2. l. - Affidavit of Jeffrey Denton 2. v.).

5. Poisonous break fluid was placed in Mr. Denton's food and in coffee. (Affidavit of Andre Tucker ¶¶ 2. g. - Affidavit of Jeffrey Denton 2. q.).

6. While Mr. Denton was in the brake room, with permission from the manager, trying to recuperate from an ulcer related attack; the door to the break room was blocked and could not be opened from the inside. A hose that was attached to the exhaust

pipe of a running vehicle was positioned next to a fan used to move air into the break room. The exhaust, a colorless, odorless, highly poisonous gas, formed by the incomplete combustion of carbon or a carbonaceous material, such as gasoline, was so dense that Mr. Denton could not be seen. Mr. Denton was only able to exit the room when Mr. Tucker kicked open the door to the break room. In addition to the exhaust fumes, the gas included cylinder head cleaner which produces an odor and a fume containing carbon monoxide. (Affidavit of Andre Tucker ¶¶ 2. p. and q. - Affidavit of Jeffrey Denton 2. x. y, z, and aa.).

7. Mr. Denton was on the toilet in the rest room when the lights were turned off, brake cleaner was then sprayed on the floor and on his work boots. The brake cleaner was ignited causing Mr. Denton's shoes to burn. (Affidavit of Andre Tucker ¶¶ 2. c. and q. - Affidavit of Jeffrey Denton 2. i.).

8. A Columbia employee clocked himself and Mr. Denton out and said to Mr. Denton he was going to kick his black ass. (Affidavit of Andre Tucker ¶¶ 2. ff. - Affidavit of Jeffrey Denton 2. hh.).

9. Several Columbia employees lit a pack of fire crackers next to Mr. Denton's tool box about a step and one-half away from where he was changing oil in a vehicle. A long wick was used to allow them to get out of the area before the explosion. The explosion could have ignited the oil and burned Mr. Denton. Fortunately, the oil was not ignited. (Affidavit of Andre Tucker ¶¶ 2. bbb. - Affidavit of Jeffrey Denton 2. xx.).

While the foregoing acts were being committed, Columbia's Caucasian employees were saying that both Messrs. Denton and Tucker "lazy nigger(s)" and were told "you people have to go back to Africa" and notes telling Mr. Denton "to go back to

Africa" were frequently placed in his tool box. (Affidavit of Andre Tucker ¶¶ 2. iii. - Affidavit of Jeffrey Denton 2. eee.).

Although the incidents were reported to Columbia management, nothing was done to stop the harassment of Messrs. Denton and Tucker or to protect them from such conduct.

**II. The Aftermath of filing EEOC Complaints**

Messrs. Denton and Tucker were worried about what was going on at work and were concerned for their safety. As a result, they employed a lawyer who, after hearing the facts, instructed them, at different times, to file complaints with the EEOC. (Affidavit of Andre Tucker ¶¶ 2. w. - Affidavit of Jeffrey Denton 2. ee.).

Mr. Denton was employed as a service technician and worked at that job until shortly after he filed his EEOC complaint in February 2000. As a service technician, he was paid a flat rate for each assigned job. He was a fast worker and as a result, he was able to complete, on the average, the equivalent of eight (8) to eleven (11) chargeable hours per day. His hourly rate was ten (10) dollars per hour. (Affidavit of Jeffrey Denton 2. a. – d.).

Shortly after Columbia Motors Inc. received notice of the EEOC complaint, Mr. Denton's duties were changed to that of a lube technician. As a lube technician, each job only paid .3 of an hour. Thereafter, Mr. Denton was only given, on the average, three (3) jobs a day which amounted to less than one hour's pay although he was present for eight (8) hours. The transfer from service technician to lube technician reduced Mr. Denton's income on the average to $150.00 to $200.00 per week. (Affidavit of Jeffrey Denton 2. f. – i.).

After Mr. Denton filed his EEOC complaint, he started to receive at least four (4) Employee Disciplinary Reports a week. The same thing happened after Mr. Tucker filed his EEOC complaint. They usually were written up by the service manager, but Messrs. Denton and Tuckers's Employee Disciplinary Reports were coming from the general manager. In fact, on four (4) occasions, Columbia Motors Inc.'s lawyer, Jay Langenbahn, was present and explained to Mr. Denton and Mr. Tucker the alleged reason for the write up. The presence of Columbia's lawyer was highly unusual because before Messrs. Denton and Tucker filed the EEOC complaint, the company lawyer had never been present when any employee received an Employee Disciplinary Report. (Affidavit of Jeffrey Denton ¶ 2. ff.).

Mr. Tucker filed an EEOC complaint on July 20, 2000. Shortly thereafter, Columbia management began making false accusations against him. It is Mr. Tucker's opinion that the management was accepting as true, false accusations against him in retaliation after receiving notice that he had filed an EEOC complaint. (Affidavit of Andre Tucker ¶ 2. x).

### III. Columbia Takes Action:

Although Columbia ignored and did not take action on complaints made by Messrs. Denton and Tucker regarding the acts of ethnic intimidation and aggravated menacing to which they were subjected, Columbia did fire one employee for attempting to throw hot coffee on Mr. Denton and threatened to fire one employee after he clocked Mr. Denton out, if it was ever brought to the attention of the supervisor that the employee clocked out another employee.

This lack of action caused Messrs. Denton and Tucker to realize that they were working in a hostile work environment and made them realize Columbia Motors Inc. was a hostile work environment which put them in fear of their lives. (Affidavit of Andre Tucker ¶¶ 2. ggg. and mmm. - Affidavit of Jeffrey Denton 2. ddd.).

**IV. Conclusion**:

The facts before the court shows that there are genuine issue as to material facts and that the moving party is not entitled to a judgment as a matter of law. There is no doubt that burning a cross in the presence of Mr. Denton constituted racial harassment as did the pictures in the restroom and the pictures and comments about Messrs. Denton and Tucker on the computer print out of their home.

The affidavits of Messrs. Denton and Tucker present questions for the trier of fact.

Respectfully submitted,

*/s/ Jim Rimedio*
Jim Rimedio (0008990)
704 Queen's Tower
810 Matson Place
Cincinnati, Ohio 45204-1444
Telephone - 513.244.2345
Facsimile - 513.244.2620
E-mail - rimediolaw@fuse.net

Trial lawyer for plaintiffs Jeffrey Denton
and Andre Tucker