UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY DENTON and ANDRE TUCKER, | : : | Case No. 1:02-CV-00422 |
| | : | [Judge Beckwith] |
| Plaintiffs, | : : | [Magistrate Judge Hogan] |
| v. | : : | **DEFENDANTS' REPLY** |
| | : | **MEMORANDUM IN SUPPORT OF** |
| COLUMBIA OLDSMOBILE, INC., et al., | : : | **THEIR MOTION FOR SUMMARY** |
| | : | **JUDGMENT** |
| Defendants. | : | |

## INTRODUCTION

In their Memorandum in Opposition to Defendants' Summary Judgment Motion, Plaintiffs Jeffrey Denton ("Denton") and Andre Tucker ("Tucker") fail to come forward with specific evidence raising any genuine issue of material fact. Instead, in Plaintiffs' attempt to manufacture an issue of fact, they have relied primarily on personal beliefs unsubstantiated by the actual record evidence. By doing so, Plaintiffs complicate the issues in a blatant attempt to defeat summary judgment. However, as this Reply Brief demonstrates, Plaintiffs have failed in their attempt.

Realizing that their deposition testimony provided insufficient facts to survive summary judgment, Plaintiffs' Memorandum In Opposition is accompanied by two affidavits, consisting of a combined twenty-one pages of rambling, and at times, nearly unintelligible, embellishments. Nowhere in those twenty-one pages did they address Defendants' legal arguments. Rather, they

told a story, a story that, even when taken as true for purposes of summary judgment, cannot, as a matter of law, defeat Defendants' Summary Judgment Motion.[1]

More specifically, the facts asserted by Plaintiffs in their affidavits are not sufficient to establish a *prima facie* case of disparate treatment race discrimination under Title VII, 42 U.S.C. § 1981, or Ohio Revised Code § 4112.  Plaintiffs likewise offer insufficient facts demonstrating that Defendants' articulated legitimate business reasons were merely pretext for discrimination. With respect to Plaintiffs' retaliation claims, Plaintiffs failed to adduce facts showing that Tucker actually exhausted his administrative remedies, also failing to adduce facts showing a causal connection between their protected activity and the alleged adverse employment actions. Finally, Plaintiffs failed to show that the alleged harassment was sufficiently severe and pervasive to alter the conditions of their employment.

## **ARGUMENT**

### A. PLAINTIFFS' MEMORANDUM IN OPPOSITION DOES NOT UNDERMINE DEFENDANTS' ARGUMENT THAT SUMMARY JUDGMENT SHOULD BE ENTERED ON PLAINTIFFS' DISPARATE TREATMENT CLAIM

In Section II-A(2) of their Summary Judgment Motion, Defendants conclusively established that Plaintiffs' disparate treatment claim should fail on two fronts:  (1) Plaintiffs did not demonstrate that they were treated less favorably than any similarly-situated non-minority employee; and (2) Plaintiffs did not demonstrate that Defendants' proffered non-discriminatory reasons for the alleged adverse employment actions were pretextual.  (Defendants' Summary Judgment Motion, pp. 16-20).  Despite submitting twenty-one pages of facts in two affidavits, Plaintiffs did nothing to change this.

---

[1] In their Memorandum in Opposition, Plaintiffs cite two Ohio Revised Code provisions, neither one of which was cited in their Amended Complaint and are, therefore, not at issue in this case

### 1. *Plaintiffs Again Failed To Demonstrate That They Were Treated Less Favorably Than Other Similarly-Situated Non-Minority Employees.*

Plaintiffs still have not demonstrated that they were treated less favorably than a similarly-situated non-minority employee. Just like in their depositions, Plaintiffs do not mention another white employee who engaged in similar behavior, such as angrily confronting other employees and then subsequently ignoring a supervisor's command, threatening fellow coworkers and then acting cavalier when confronted about it, or failing to discharge clearly spelled-out work duties on so many occasions. The white employees who were mentioned in their affidavits, such as Scott Dick, Richard Fredericks, Jeff Watts, Tom Carey, and Mark Frye are not similarly-situated in all respects. (Tucker Affidavit, ¶ (p)). There simply are no facts in either Denton or Tucker's affidavits establishing that these individuals engaged in the same type of behavior that the Plaintiffs engaged in, nor that they held the same position as Denton and Tucker. Thus, these coworkers are irrelevant for purposes of summary judgment, particularly with regard to Plaintiffs' disparate treatment claims. Mitchell v. Toledo Hospital, 964 F.2d 577, 582-82 (6th Cir. 1992).[2]

Consequently, neither Denton nor Tucker satisfied an essential element of their *prima facie* disparate treatment claim, which alone is dispositive.

---

[2] Not only did they fail to identify other similarly-situated white employees treated more favorably, Plaintiffs failed to address significant defects in their disparate treatment claims, and in some instances created additional defects. For instance, Denton's affidavit ignores his February 22, 2000 termination altogether. Even more surprising, Tucker states that "I was terminated on June 26, 2000 and not on the other dates set out in defendant's moving papers," notwithstanding the fact that he alleged in his Amended Complaint that "On February 22, 2000, Andre Tucker was discharged…" and notwithstanding the fact that he admitted in his deposition that he was terminated on February 22, 2000. (Tucker's Affidavit, ¶ (kkk); Plaintiffs' Amended Complaint, ¶ 9; Tucker's Dep. at 27v.2). Denton's failure to address the February 22, 2000 termination in his affidavit necessarily requires this Court to find in favor of Defendants on this claim. Moreover, Tucker's admission that he was never terminated is a renunciation of, at least, one of the two disparate treatment claims pled in his Amended Complaint, and, again, necessarily requires this Court to find in favor of Defendants on this claim.

### *2.    Although the Plaintiffs Adduced Facts In Their Memorandum in Opposition Addressing the Issue of Pretext, Pretext Was Not Adequately Established To Survive Summary Judgment.*

Unlike in their depositions, Plaintiffs did address, albeit ineptly, the issue of pretext in their affidavits, stating that "I believe I was terminated, not because of the stated reason, but because I am Negroid." (Tucker Affidavit, ¶ (lll); Denton Affidavit, ¶ (hhh)).[3] Subjective beliefs, however, are not alone sufficient to defeat a motion for summary judgment. McDonald v. Union Camp Corp., 898 F.2d 1155, 1160 (6th Cir. 1990); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1285 (9th Cir. 2000) (holding that plaintiff's "subjective personal judgments . . . do not raise a genuine issue of material fact"); Bradley v. Harcourt Brace & Co., 104 F.3d 267, 270 (9th Cir. 1996) (holding that plaintiff's "subjective personal judgments of [her] competence alone do not raise a genuine issue of material fact"). Subjective "beliefs" are all that the Plaintiffs provided in their affidavits.

Therefore, even if Plaintiffs would have satisfied their *prima facie* case, they failed to establish that the legitimate reasons proposed by Defendants were pretextual, providing yet another reason to dismiss Plaintiffs' disparate treatment claims.

**B.    PLAINTIFFS' MEMORANDUM IN OPPOSITION DOES NOT UNDERMINE DEFENDANTS' ARGUMENT THAT SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' RETALIATION CLAIMS**

With respect to Plaintiffs' retaliation claims, Defendants argued in their Summary Judgment Motion that: (1) Tucker failed to exhaust his administrative remedies; and (2) neither Tucker or Denton presented facts showing that the actions taken by Defendants were causally

---

[3] The Court should take note of the fact that the disparate treatment alleged in Plaintiffs' Amended Complaint was limited to: (1) Tucker's February 22, 2000 and June 5, 2000 terminations; (2) Denton's February 22, 2000 and November 27, 2000 terminations; and (3) Denton's lack of work and various Employee Disciplinary Reports. The remaining acts allegedly committed by Defendants, such as Tucker's "increase in duties," alleged in paragraph (v) of his affidavit, and "accepting as true, false accusations," alleged in paragraph (y) of his affidavit, are post-complaint, post-deposition embellishments. Such allegations, because they were not in the pleadings, are not in the case and must be ignored by this Court. Guiffre v. Local Lodge No. 1124, 1988 U.S. Dist. LEXIS 18615 *23 (Dec. 9, 1988).

4

connected to any protected activity. (Defendants' Summary Judgment Motion, pp. 22-25). Plaintiffs' Memorandum in Opposition, and their accompanying affidavits, do not adequately address these arguments. As a result, Plaintiffs' retaliation claims must be dismissed.

### 1. *Tucker's Failure to Exhaust His Administrative Remedies Was Not Addressed In Plaintiffs' Memorandum In Opposition.*

The charge filed with the EEOC by Tucker does not raise a retaliation claim because he failed to check the box marked "retaliation" and failed to refer to retaliation in the factual statement. (Defendants' Summary Judgment Exhibit 5; Defendants' Summary Judgment Motion at II-B(1)). Despite having the opportunity to explain away this fatal flaw, Plaintiffs' Memorandum in Opposition and, more importantly, Tucker's affidavit are silent on the issue. In accordance with clearly established precedent, this Court must, therefore, dismiss Tucker's retaliation claim because he failed to exhaust his administrative remedies. Ang v. Procter & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991).

### 2. *Denton And Tucker Again Failed To Adduce Facts Showing A Casual Connection Between The Alleged Adverse Employment Actions And Their Protected Activity.*

In an obvious attempt to compensate for his failure to even mention retaliation, except in his Amended Complaint, Tucker identifies two alleged acts of retaliation in his affidavit. He states in paragraph (v) of his affidavit: "It is my opinion that the increase in my duties was in retaliation for my blowing the whistle on Messrs. Watts and Frye." Then in paragraph (y), he states: "It is my opinion that the management was accepting as true, false accusations against me in retaliation of having received notice of my EEOC complaint."

Besides never raising these allegations in the Amended Complaint, his EEOC charge, or his deposition, there are three obviously fatal flaws with these new allegations. First, neither of these two newly fabricated actions allegedly taken by Defendants amount to "adverse

5

employment actions" under Sixth Circuit precedent. To establish a cognizable claim of retaliation, at a minimum, the plaintiff must have "suffered an adverse employment action that is tantamount to a 'materially adverse change in the terms of her employment.'" Burch v. Cuyahoga Probate Court, 392 F.3d 151, 169 (6th Cir. 2004) *citing* Koscis v. Multi-Care Management, Inc., 97 F.3d 876, 885 (6th Cir. 1996). An increase in work duties and accepting false accusations as true simply do not amount to materially adverse changes in employment. *See e.g.* Mitchell v. Vanderbilt Univ., 389 F.3d 177, 182 (6th Cir. 2004) (holding that "mere inconvenience or an alteration of job responsibilities is not enough to constitute an adverse employment action"). Second, Tucker did not produce any concrete facts to corroborate his "opinion." As discussed above, "opinions" and "beliefs" are alone not sufficient to defeat summary judgment. McDonald, 898 F.2d at 1160. Third, Tucker does not discuss his other protected activity or the alleged adverse employment actions raised in his Amended Complaint and deposition, much less establish the requisite nexus between the two.[4]

Denton also desperately attempts in his affidavit to compensate for the inadequacies identified in Section II-B(3) of Defendants' Summary Judgment Motion. Denton alleges, in paragraph (ggg) of his affidavit, that:

> I believe I was terminated, not because of the stated reason, but because I am Negroid which resulted in the Caucasian employees causing work disruptions with the thing they were doing to me and Mr. Tucker. In place of investigating the causes of the work disruptions, it was just easier for management to fire me because I was frequently a witness to what was being done to Mr. Tucker and always reported what I was and heard.

---

[4] In his Amended Complaint, Tucker alleges that he was terminated, on February 22, 2000 and June 5, 2000, for making complaints to management about actions related to Denton. (Plaintiffs' Amended Complaint at pp. 2 and 3, ¶¶ 10 and 11). Tucker also made this same claim in his deposition. (Tucker Dep. at 35-36 v.1). Presumably realizing that there is simply no support for such a claim, Tucker now takes an about face and creates two never-before-mentioned retaliatory acts (increased work duties and accepting as true false allegations) and a never-before-mentioned protected activity (filing an EEOC charge). As established in footnote 1 above, these allegations must not be considered by the Court because they were not in the pleadings.

What is missing, of course, are facts to support this "belief."  Denton, like Tucker, simply fails to establish the requisite nexus between his complaints to management and the adverse employment action, his November 27, 2000 termination.  Instead, also like Tucker, Denton supports his retaliation claim exclusively with "personal belief" and supposition, neither of which are sufficient to defeat summary judgment.  As such, Denton's retaliation claims are fatally flawed, and, thus, must share the same fortune as Tucker's:  dismissal.[5]

**C.     PLAINTIFFS' MEMORANDUM IN OPPOSITION AND ACCOMPANYING AFFIDAVITS DO NOT ESTABLISH THAT THE ALLEGED HARASSMENT WAS SUFFICIENTLY SEVERE OR PERVASIVE TO ALTER THE CONDITIONS OF THEIR EMPLOYMENT**

Defendants argued in their Summary Judgment Motion that Plaintiffs' hostile work environment claims should be dismissed because Plaintiffs' deposition testimony conclusively established that the alleged harassment was not subjectively hostile, intimidating or offensive.  (Defendants' Summary Judgment Motion, pg. 28).  Knowing this, the Plaintiffs accompanied their Memorandum in Opposition with twenty-one pages of affidavit almost entirely devoted to rectifying this fundamental flaw.  They employed two specific strategies, realizing that the facts presented in their Amended Complaint and depositions required this Court to enter judgment against them as a matter of law.

First, Plaintiffs made allegations about the impact the alleged harassment had on them, specifically stating in their affidavits: "I began to worry about our safety at work."  (Tucker's Affidavit, ¶ (f); Denton's Affidavit, ¶¶ (p) and (rr)).  For harassment to be actionable, however, "it must be 'sufficiently severe or pervasive *to alter the conditions* of [the victim's] employment… ."  Black v. Zaring Homes, Inc., 104 F.3d 822, 825 (6th Cir. 1997) (emphasis

---

[5]  Denton, like Tucker, makes allegations in his affidavit that were neither alleged in his Amended Complaint or his deposition.  For instance, in paragraph (j), Denton states that "It is my opinion that my duties were changed in to [sic] retaliation to my EEOC complaint."  Because this allegation is a post-complaint, post-deposition allegation, this Court is prohibited from considering it.

7

added).  These statements do not, in any way, establish that the alleged harassment altered the conditions of their employment.  They are merely self-serving, conclusory statements, unsupported by the record evidence, and intended to show that the actions of their fellow coworkers, actions consistently characterized by Plaintiffs as "pranks," were sufficiently severe and pervasive to survive summary judgment.  These statements, however, are not enough to show that their coworkers' actions *altered the conditions* of their employment.  Had the behavior of their coworkers actually been severe and pervasive enough to alter the conditions of their employment, there certainly would have been some manifestation on Plaintiffs' part during the course of their employment.  Instead, the record evidence demonstrates that both Plaintiffs performed satisfactorily during most, if not all, of the alleged harassment.  (See Section II-C(2) of Defendants' Summary Judgment Motion).  And, it was not until after the alleged harassment stopped that Plaintiffs' performance dramatically deteriorated.

Plaintiffs employed a second strategy, specifically re-characterizing their fellow coworkers' actions.  For instance, they stated in their affidavits:  "I do not consider the act of putting poisonous break cleaner to be a "prank"… ."  (Tucker Affidavit, ¶ (i); Denton Affidavit, ¶¶ (r), (z)).  These statements directly contradict Plaintiffs' deposition testimony.  Without exception, throughout Denton's deposition testimony, he uniformly characterized his fellow employees' actions as "pranks."  (Denton Dep. at 98-99; 185-86; and 127-29).  Denton even characterized these "pranks" as "childish pranks."  (Denton Dep. at 76).  Now, in a desperate effort to respond to Defendants' Summary Judgment Motion, Denton and Tucker claim that they do not believe these actions to be "pranks."

This Circuit has unequivocally held that "a party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially

contradicts his earlier deposition testimony." Penny v. United Parcel Service, 128 F.3d 408, 415 (6th Cir. 1997). That is exactly what Plaintiffs are attempting to do here. The portion of Plaintiffs' affidavits that contradict their deposition testimony, namely where the Plaintiffs' claim that their coworkers' behavior did not amount to "pranks," thus, must be ignored by this Court. Once these contradictory statements are ignored, Plaintiffs' affidavits are nothing more than their deposition testimony rewritten. And, as demonstrated in Section II-C of Defendants' Summary Judgment Motion, Plaintiffs' deposition testimony is insufficient to support a claim for racial harassment.

## CONCLUSION

As the foregoing Reply Brief demonstrates, Defendants are still entitled to summary judgment on all of Plaintiffs' claims:

- Plaintiffs failed to produce sufficient evidence showing that Defendants' legitimate non-discriminatory reasons were pretextual.

- Plaintiff Tucker failed to exhaust his administrative remedies; even had he done so, however, both Plaintiffs failed to demonstrate that the adverse employment actions taken by Defendants were causally connected to any protected activity.

- Plaintiffs failed to show that the "pranks" pulled on Denton were sufficiently severe and pervasive to alter the conditions of their employment, and those portions of their affidavits that suggested otherwise contradict their deposition testimony and, therefore, must be ignored by this Court.

                    Respectfully submitted,

                    /s/ Michael W. Hawkins
                    Michael W. Hawkins (0012707)
                    Shawn P. Burton (0078211)
                    Dinsmore & Shohl LLP
                    1900 Chemed Center
                    255 East Fifth Street
                    Cincinnati, OH 45202
                    Telephone: 513-977-8200
                    Facsimile: 513-977-8141

                    Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 11, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following by operation of the Court's electronic filing system:

| | |
|---|---|
| Jim Rimedio, Esq. | Jay R. Langenbahn, Esq. |
| 810 Matson Place | Lindhorst & Dreidame |
| 704 Queen's Tower | 312 Walnut St., Suite 2300 |
| Cincinnati, OH 45204-1444 | Cincinnati, Ohio 45202 |
| Telephone: 513-244-2345 | Telephone: 513-421-6630 |
| Facsimile: 513-244-2620 | Facsimile: 513-421-0212 |

Attorney for Plaintiffs

                    /s/ Shawn P. Burton

1135231v1